UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMELING L. BAHENA, | No. 2:23-cv-02580-CKD |
| Plaintiff, | |
| v. | ORDER |
| S. CORVERA, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Having conducted the required screening with respect to plaintiff's complaint (ECF No. 1), the court finds that plaintiff may proceed on the Eighth Amendment excessive force claim against defendant Corvera based on his use of a 40 m.m. launcher block gun which hit plaintiff on the head on May 15, 2023.

With respect to the other claim against defendant Lynch based solely on his supervisory capacity as the warden of the prison where the events occurred, the allegations do not state a claim upon which plaintiff may proceed.

At this point, plaintiff has two options: 1) proceed immediately on the claim identified above against defendant Corvera; or 2) attempt to cure the deficiencies with respect to defendant Lynch by filing an amended complaint. In considering whether to amend, the court advises plaintiff as follows:

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

Moreover, the civil rights statute pursuant to which plaintiff sues requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to

have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

2. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on the claim identified in this order against defendant Corvera or file an amended complaint in an attempt to cure the deficiencies against defendant Lynch.

3. If plaintiff elects to proceed on the claim against defendant Corvera, the court will construe plaintiff's election as consent to voluntarily dismiss the remaining claim against defendant Lynch pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

4. If plaintiff fails to return the attached Notice of Election form, the court will construe this as consent to proceed on the Eighth Amendment excessive force claim described in this order and will recommend dismissing the remaining claim without prejudice.

Dated:  April 7, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/baha2580.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXMELING L. BAHENA,<br><br>   Plaintiff,<br><br>   v.<br><br>S. CORVERA, et al.,<br><br>   Defendants. | No. 2:23-cv-02580-CKD<br><br><br>NOTICE OF ELECTION |

**Check one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Eighth Amendment excessive force claim against defendant Corvera.  Plaintiff consents to voluntarily dismiss the remaining claim against defendant Lynch pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

   **OR**

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:




                                                              Plaintiff's Signature

4