1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ESMELING L. BAHENA,                          No.  2:23-cv-2580-CKD P

12                    Plaintiff,

13         v.                                       ORDER

14    S. CORVERA,

15                    Defendant.

16

17            Plaintiff, a state prisoner, proceeds pro se and in forma pauperis under 42 U.S.C. § 1983.

18    Defendant's motion to compel (ECF No. 32) and plaintiff's motion to modify the scheduling

19    order for discovery purposes (ECF No. 34) are before the court. For the following reasons,

20    defendant's motion to compel is granted in part. Plaintiff's motion to modify the scheduling order

21    is denied. Plaintiff must serve outstanding discovery responses and amended discovery responses

22    as set forth below within 30 days of the date of this order.

23        **I.       Background**

24            Plaintiff initiated this action with a complaint filed on November 8, 2023. (ECF No. 1.)

25    The court screened the complaint and found it stated a claim against defendant Corvera under 42

26    U.S.C. § 1983 for excessive force in violation of the Eighth Amendment. (ECF No. 6.) Plaintiff

27    elected to proceed on the complaint as screened. (ECF No. 9.) Defendant waived service and

28    answered the complaint. (ECF No. 14, 21.)

                                                   1

On October 10, 2024, the court issued a Discovery and Scheduling Order setting February 27, 2025, as the close of fact discovery and the deadline to file motions to compel and setting May 2, 2025, as the deadline to file dispositive motions. (ECF No. 22.)

On December 17, 2024, defendant served plaintiff with Requests for Production of Documents under Rule 34 of the Federal Rules of Civil Procedure, Interrogatories under Rule 33 of the Federal Rules of Civil Procedure, and Requests for Admission under Rule 36 of the Federal Rules of Civil Procedure. (See ECF No. 32-1, Exh. A-C.) Plaintiff requested an extension of time and was granted an extension of time up to April 27, 2025, to serve responses. (ECF No. 23, 24.) Plaintiff then requested and was granted a second extension up to June 30, 2025, to respond. (ECF No. 25, 27.) Plaintiff filed for a third extension of time to respond on May 12, 2025. (ECF No. 28.) Defendant opposed the request. (ECF No. 30.) The court denied the third request without prejudice, noting it appeared plaintiff signed it prior to receiving the order granting the second request. (ECF No. 31.) Plaintiff's deadline to serve responses to the written discovery remained June 30, 2025. (ECF No. 31.)

Defendant filed the motion to compel on July 17, 2025. (ECF No. 32.) Plaintiff did not timely file a response to the motion to compel. On July 21, 2025, the court vacated the deadline for pretrial dispositive motions. (ECF No. 33.)

On July 28, 2025, plaintiff filed a motion seeking to modify the scheduling order requesting an extension of the discovery deadline for plaintiff to conduct discovery. ECF No. 34.) Defendant opposed the motion. (ECF No. 35.)

On September 3, 2025, the court noted plaintiff had not filed a response to defendant's motion to compel and granted plaintiff 21 days from the date of that order to file an opposition or statement of non-opposition to the motion. The court informed plaintiff that failure to file an opposition or otherwise respond to the order would be deemed as plaintiff's consent to have the motion to compel granted. Plaintiff has not filed a response to the motion to compel.

**II.     Defendant's Motion to Compel**

Plaintiff served responses to defendant's Requests for Admission and Interrogatories. Defendant argues several of the responses are deficient. According to defendant, plaintiff has not

1    served any responses to the Requests for Production of Documents. (ECF No. 32 at 6.) Plaintiff's

2    pro se status does not excuse him from responding to discovery requests. See American Ass'n of

3    Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000) (pro se litigants are

4    expected to know and comply with the rules of civil procedure); Lindstedt v. City of Granby, 238

5    F.3d 933, 937 (8th Cir. 2000) (per curiam) (affirming sanction of dismissal and holding that "[a]

6    pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of

7    simple requirements of discovery").

8         For defendant's outstanding discovery requests, plaintiff must respond without objections,

9    to the best of his ability. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473

10   (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time

11   required constitutes a waiver of any objection"). Accordingly, within 21 days of the date of this

12   order, plaintiff shall serve defendant with written responses, without objections, to defendant's

13   Production of Documents and produce any responsive documents in his possession or control.

14        Plaintiff must also serve amended responses to defendant's Requests for Admission, Nos.

15   3, 14, 16, 17, 18, 19, and 20. See Fed. R. Civ. P. 36(a)(6) ("On finding that an answer does not

16   comply with this rule, the court may order either that the matter is admitted or that an amended

17   answer be served."). These requests seek relevant admissions and plaintiff's objections are

18   without merit. (See ECF No. 32 at 10-13.) Plaintiff must admit or deny each request. If plaintiff

19   needs to qualify or explain an answer, plaintiff may admit part of the matter and deny part so long

20   as the answer explains which part is admitted and which part is denied. See Fed. R. Civ. P.

21   36(a)(4). If plaintiff lacks knowledge due to lack of memory, plaintiff may respond that he has

22   made a reasonable inquiry and that the information he knows or can readily obtain is insufficient

23   to enable him to admit or deny the request. (See id.)

24        The court sustains plaintiff's objection to Request for Admission No. 1 (see ECF No 32 at

25   10) based on assertion of his Fifth Amendment right against self-incrimination. Plaintiff need not

26   serve an amended response asserting self-incrimination as a response rather than an objection.

27   See United States v. Sommerstedt, No. 2:06-CV-00273-BES-GWF, 2008 WL 11388580, at *9

28   (D. Nev. July 31, 2008) ("It appears to be generally accepted that a party may object to requests

3

1    for admissions based on his Fifth Amendment privilege against self-incrimination.").

2            As to the interrogatories, plaintiff must serve amended responses to Interrogatory Nos. 3,

3    4, and 8. These interrogatories seek information within the scope of discovery and plaintiff's

4    objections are without merit. (See ECF No. 32 at 7-9.) However, defendant exceeds the 25-

5    interrogatory limit based on the subparts in Interrogatory No. 15. See Fed. R. Civ. P. 33(a)(1)

6    ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no

7    more than 25 written interrogatories, including all discrete subparts."). This final interrogatory

8    directs plaintiff to respond regarding "each unqualified admission" in his responses to the

9    Requests for Admissions. (ECF No. 32 at 9.) Defendant served 23 Requests for Admission. Thus,

10   Interrogatory No. 15 and its subparts exceed the numerical limit. See Safeco of Am. v. Rawstron,

11   181 F.R.D. 441, 446 (C.D. Cal. 1998). Plaintiff must respond to Interrogatory No. 15 only as to

12   the first 11 Requests for Admission, none of which he fully admitted.

13          Defendant's motion to compel will be granted in part as set forth above. Plaintiff is hereby

14   informed and cautioned that if a party chooses to ignore discovery obligations, the court has the

15   authority to impose a variety of sanctions, including dismissal of the case. See Fed. R. Civ. P.

16   37(d)(1)(A), (d)(3); Sanchez v. Rodriguez, 298 F.R.D. 460, 470-73 (C.D. Cal. 2014) (dismissing

17   pro se prisoner's action for failure to respond to discovery and failure to comply with three court

18   orders to respond to discovery). Plaintiff is further cautioned that the court will look with disfavor

19   upon further requests for extensions of time to comply with this order unless the request

20   demonstrates good cause based on circumstance outside of plaintiff's control.

21       **III.    Plaintiff's Motion to Modify the Scheduling Order**

22          Plaintiff's motion to modify the scheduling order states vaguely that he has had difficulty

23   accessing copies of legal research. (ECF No. 34 at 1.) Plaintiff also lacks access to a tablet and

24   legal research at the facility to which he was recently transferred. (Id.) Plaintiff seeks to modify

25   the scheduling order to allow him to conduct discovery. (Id. at 1-2.)

26          As set forth above, fact discovery closed on February 27, 2025, except as to the extra time

27   granted for plaintiff to serve responses to defendant's timely served discovery requests. Plaintiff

28   does not adequately explain why he could not timely serve his own discovery requests. Plaintiff

also does not adequately explain why he waited until several months after the close of fact discovery to seek to modify the scheduling order. Plaintiff was not diligent and does not show good cause to modify the scheduling order and reopen fact discovery. <u>See</u> Fed. R. Civ. P. 16(b)(4).

### IV.    Plain Language Summary for a Pro Se Litigant

The following information is meant to explain this order in plain English and is not intended as legal advice.

You have not shown good cause to motion to modify the scheduling order, and your motion for an extension of time to conduct your own discovery is being denied.

Based on your failure to respond to properly respond to some of defendant's discovery requests, the court is granting in part defendants' motion to compel. You have 30 days from the date of this order to serve discovery responses, amended discovery responses, and to produce responsive documents as set forth below. If you do not make a good faith effort to provide the responses to the best of your ability, you will be subject to sanctions, including the possible dismissal of this case.

### V.    Order

Good cause appearing, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to modify the scheduling order (ECF No. 34) is DENIED.

2.  Defendant's motion to compel (ECF No. 32) is GRANTED in PART, to the extent that within 30 days of service of this order, plaintiff shall do the following:

    a.  Serve complete responses, without objections, to defendant's Request for Production of Documents and produce all responsive documents in his possession or control.

    b.  Serve amended responses to defendant's Requests for Admission, Nos. 3, 14, 16, 17, 18, 19, and 20, admitting or denying each request in the manner explained above.

    c.  Serve amended responses to Interrogatory Nos. 3, 4, and 8.

////

5

      d.  Serve an amended response to Interrogatory No. 15 with the requested information only as to the first 11 Requests for Admission.

3. Defendant shall file any further necessary motion to compel within 60 days of the date of this order.

4. The court will set a new deadline for pre-trial dispositive motions at a later date.

5. Plaintiff is cautioned that failure to comply with this order in good faith may result in sanctions up to and including dismissal of the case, depending upon the degree of non-compliance.

Dated:  October 9, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, bahe2580.36.mtc