UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMELING L. BAHENA, | No.  2:23-cv-2580-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| S. CORVERA, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff, a state prisoner, proceeds pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). A motion for terminating sanctions filed by defendant S. Corvera is before the court. For the reasons set forth below, the undersigned recommends the court grant defendant's request for terminating sanctions based on plaintiff's failure to provide discovery responses, failure to comply with a court order to provide outstanding and amended responses, and resulting prejudice to defendant.

## PROCEDURAL BACKGROUND

Plaintiff filed the complaint on November 8, 2023. (ECF No. 1.) After screening, the case proceeded on plaintiff's Eighth Amendment excessive force claim against defendant Corvera. (ECF No. 10.)

////

1

The court issued a discovery and scheduling order on October 10, 2024. (ECF No. 22.) On July 17, 2025, defendant filed a motion to compel responses to some of defendant's written discovery requests. (ECF No. 32.) On October 9, 2025, the undersigned granted the motion in part and ordered plaintiff to serve outstanding discovery responses and amended discovery responses within 30 days. (ECF No. 37.) Plaintiff was cautioned that failure to comply with the order in good faith could result in sanctions up to and including dismissal of the case. (Id. at 6.)

On December 8, 2025, defendant filed the motion for terminating sanctions presently before the court, noting plaintiff has not served any amended discovery. (ECF Nos. 38, 38-1 at 2.)

On January 14, 2026, plaintiff filed a motion for extension of time of "any deadlines" in this case. (ECF No. 40.) In the motion for extension of time of any deadlines, plaintiff stated he had been attempting to meet discovery obligations and that defendant had not responded to plaintiff's discovery requests. (See id.) Defendant opposed the motion for extension of time. (ECF No. 41.)

On February 25, 2026, the undersigned granted in part plaintiff's motion for an extension of time and granted plaintiff an additional 21 days from the date of that order to file a response to defendant's motion for terminating sanctions. (ECF No. 42.) Plaintiff was specifically warned that "failure to file an opposition or otherwise respond to this order will be deemed as plaintiff's consent to have the motion granted and this case dismissed." (Id. at 2.) The additional time granted for plaintiff to oppose the motion for terminating sanctions has expired and plaintiff has not opposed the motion or otherwise responded to the court's order dated February 25, 2026.

### APPLICABLE STANDARD

The Local Rules of the Eastern District provide wide latitude to the court to issue sanctions: under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Moreover, the Federal Rules of Civil Procedure specifically contemplate dismissal as a sanction for failing to comply with an order compelling discovery. Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to "dismiss[ ] the action or proceeding in whole or in part" if a party fails to comply with a

2

discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

It is within the discretion of a district court to order dismissal sanctions. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)). However, because "dismissal is a harsh penalty ... it should only be imposed in extreme circumstances." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))).

The court considers five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Hernandez, 138 F.3d at 399 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted). Not all factors must cut in favor of dismissal for terminating sanctions to be imposed. Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987); see also Ferdik, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here." (citation omitted)).

## DISCUSSION

The first two relevant factors support dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Judicial economy considerations also weigh in favor of terminating sanctions for

plaintiff's non-compliance with discovery rules and this court's order to respond to written discovery requests. See Ferdik, 963 F.2d at 1261 (dismissal may be necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").

The third factor, prejudice to defendant from plaintiff's failure to provide discovery responses, also favors dismissal. As set forth above, the undersigned determined plaintiff failed to provide adequate discovery responses and ordered plaintiff to serve responses and amended responses. Defendant is entitled to receive responses to timely served discovery requests and is prejudiced by not being able to assess the full scope of the claims and defenses. The prejudice to defendant is not counterbalanced by any legitimate excuse for plaintiff's non-compliance, as plaintiff has not presented any justification for failing to comply with the court's order to serve complete and verified responses to outstanding discovery requests. Plaintiff vaguely asserted in the motion for extension of time of "any deadlines" in this case that he is attempting to meet discovery obligations. However, plaintiff has failed to meaningfully address his continued failure to comply with the court's orders to serve additional and amended discovery responses and his failure to file an opposition, if any, to the motion for terminating sanctions.

Public policy favors disposition of cases on their merits, and so the fourth factor generally does not weigh in favor of dismissal as a sanction. See Yourish, 191 F.3d at 990. However, where a case "is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations" and "cannot move forward toward resolution on the merits" because of the party's failure, this factor lends little support in favor of disposition on the merits. See In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006).

The fifth factor also favors dismissal. No other, lesser sanctions would be satisfactory or effective. The court has already tried warnings that failure to comply with discovery obligations and the court's order could result in dismissal of this action. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (The "court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). After being warned, plaintiff has continued to disregard this court's rules, orders, and deadlines as to

4

the outstanding discovery requests. In particular, plaintiff failed to oppose defendant's motion for terminating sanctions after being granted an extension of time to do so and being warned that failure to file an opposition to the motion for terminating sanctions would be deemed his consent to have this action dismissed. (ECF No. 42 at 2.) Plaintiff is indigent and proceeding in forma pauperis, which are factors disfavoring imposition of a monetary sanction which would likely be futile and unenforceable. See James v. Wilber, 956 F. Supp. 2d 1145, 1169 (E.D. Cal. 2013) (citing Thomas v. Gerber Prod., 703 F.2d 353, 356-57 (9th Cir. 1983); Wade v. Ratella, 407 F. Supp. 2d 1196, 1209 (S.D. Cal. 2005). Under the circumstances, the court finds no other, lesser sanctions would be satisfactory or effective.

In sum, plaintiff has exhibited willful disregard for this litigation he commenced and no lesser sanction than dismissal would be effective or suitable in this instance. See Wright v. Maritime Overseas Corp., 96 F.R.D. 686, 688 (N.D. Cal. 1983). Plaintiff's status as a self-represented litigant will not spare him from such a sanction, as "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted); see also McNeil v. United States, 508 U.S. 106, 113 (1993). Having carefully considered the relevant factors, the undersigned will recommend defendant's request for terminating sanctions be granted.

### PLAIN LANGUAGE SUMMARY FOR PRO SE PARTY

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

The undersigned is recommending this case be dismissed because of your failure to provide responses and amended responses to the defendants' discovery requests as the court ordered you to do, and your non-compliance with the court's orders, the Local Rules, and the Federal Rules of Civil Procedure. If you disagree, you have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations."

### ORDER AND RECOMMENDATION

In accordance with the above, IT IS ORDERED that the Clerk of the Court shall assign a district judge to this case.

In addition, for the reasons set forth above, IT IS RECOMMENDED as follows:

1.  Defendant's motion for terminating sanctions (ECF No. 38) be granted and this action be dismissed with prejudice. See Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b); Local Rule 110.

2.  The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 7 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 8, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 bahe2580.fr

6